3-23-06-59 Stefan Bergstrom vs. Leigha Guzowski Okay, Ms. Guzowski and Mr. Frisch, can you hear me? Yes, Your Honor. Ms. Guzowski, I think you're muted. Muted, yeah. Ms. Guzowski, there you go. Can you hear me now? Yes. Okay. All right, very well. The clerk has called the case. Ms. Guzowski, are you ready to begin your argument? I'm sorry, I can't hear you. Oh, are you ready to begin your argument? My argument is that my home was forcibly broken into and entered on an ex parte basis, so there was no notice, there was no due process, there was no cause. My home was broken into by a man and his attorney who had an extensive history of domestic violence. I understand that domestic violence is a hard thing for a court to understand, but I experienced extensive domestic violence by this man. He went as far as to send what I thought were private moments and intimate conversations to my employer. My home was invaded without any notice to my counsel. It was just broken into and destroyed in an incredibly violent way. I don't really know what else to say. The circuit court stated on ex parte record to stop short of deadly, and that is a quote when it came to breaking into my home and into my office, and that is what the circuit court did. And I would further add the bond that was required is not valid, and opposing counsel has not been able to produce a valid bond, which is required by law, and they refused to produce that. Okay, thank you, Ms. Kozlowski, and you'll have five minutes in rebuttal after you hear opposing counsel's argument. Mr. Frisch, are you ready to proceed? Yes, Your Honor. I think for the most part, Your Honor, we would stand on the brief. We've covered most of the issues in the brief, but I'll just address a few points. Ms. Kozlowski's argument today focused primarily on her counterclaims, and her counterclaims fall really into two camps. Some of the counterclaims concern arguments that my clients broke promises to her in their personal romantic relationship, made promises about wanting to start a family with him, and when those didn't materialize, those were the basis of her fraud claims. Mr. Frisch, could you keep your voice up for me, please? Sure, let me see. Thank you. This might be a little bit better. That's much better, thank you. So, as I was saying, the first grouping of her counterclaims concerned essentially trying to make actionable promises made in the context of a private romantic relationship, and that was the basis on which Judge Rickman dismissed those claims. Another group of her claims, including IIED and abusive process, really concerned the manner in which the replevant order was executed by the sheriffs. As you heard today, Ms. Kozlowski claims that essentially she was battered and her home was damaged during the execution of the lawful order. Those claims, you know, frankly should have been brought against the sheriff's office if she believed that the lawful order was wrongfully executed, but instead they were filed against us. Judge Rickman was absolutely entitled to dismiss those claims. As you can see in our brief, they were not legally pledged. She was given multiple opportunities to correct the deficiencies that were identified, and she did not do that. The use of discretion standard here should apply to Judge Rickman's dismissal of the claims, of the counterclaims without prejudice. I think in terms of the bond, one of the requirements for obtaining a replevant order is the posting of a bond, and Judge Rickman ordered a $250,000 bond to be posted by my client, Mr. Bergstrom, before the order was executed. We did post a bond, and late in the case in 2023, pursuant to Judge, or pursuant to Ms. Gazowski's request, Judge Rickman asked us to file a copy of the bond in the circuit court, and we did that. And I believe that can be found at C1720, 1732, and 1735 of the record. There's no, you know, claim seeking to proceed on the bond, so we're not really sure why that is a relevant issue here. And if the judges have any questions, I'd be happy to address anything else. I do not have any questions. Justice Davenport? No questions. Thank you. Justice Bertoni? I cannot think of any at present. Thank you. Okay. Ms. Gazowski, you have five minutes in rebuttal, if you wish. I would like to actually receive a copy of the bond, if it is valid, which it hasn't seemed to be in many years. None of anything that Mr. Frisch says really matters that much to me. The bottom line to me is that my home was invaded. It was destroyed by seven men armed with guns. I had my career dependent on maintaining a secure home office away from a man who had a known history of domestic abuse and domestic violence. That didn't happen. I have worked extensively with attorneys. I have never known an attorney who breaks into a woman's home and literally physically forces himself into a third floor bedroom as part of his law practice, but that is what happened in this case. That is not disputed. I think domestic violence by attorneys is abhorrent. I don't really have much to gain from this, except that no other woman will experience this level of domestic violence and abuse by an attorney and his client, but that is what opposing counsel is advocating for. Okay. I can guarantee you that if you haven't experienced home invasion, it is beyond the most horrific, terrifying experience imaginable. Okay. Justice Davenport, do you have any additional questions? I do not. Justice Berdani? I do not. Thank you. I would add to that. I would really like to point to the circuit court's ex parte communication stating that with regard to my life, Judge Rickman just stated point blank he hoped it would stop short of deadly, and it was barely short of deadly. And that is on record, and that is ex parte communication of the circuit court. May I just address it? I'm sorry. May I just add a few points? Yeah, no. Mr. Frisch, we have to follow the procedure. I appreciate it, but I'm going to have to say no to that. I hope you understand. Yeah. Okay. All right. Well, thank you both for your argument, and the clerk will escort you out of this virtual courtroom and a decision will be rendered by this court in due course. Thank you both.